MERCHANTS NATIONAL BANK OF ST. PAUL v. ALLEMANIA BANK OF ST. PAUL and Others.[1]

February 7, 1898.

Nos. 10,906—(267).

Promissory Note—Partial Payment from Collaterals—Fraudulent Sale by Bank—Insolvency—Action against Receiver—Trust.

The borrower of money executed its demand note to the lender for the amount, and secured the same with collaterals.  As the collaterals came due from time to time, they were redelivered to the borrower for collection.  It collected the same, and paid the amounts collected to the lender from time to time, as payments on the note, and the same were received as such payments, and mingled with the other funds of the lender. When enough was thus collected and paid to pay the note nearly in full, the lender fraudulently sold and indorsed the note to plaintiff as wholly unpaid, and the plaintiff received the same not knowing that it was ever secured by collateral, or that such collateral had ever been paid.  Thereafter, such lender being insolvent, a receiver of its property was appointed for the benefit of its creditors.  In an action brought to have the amounts so received declared a trust on the funds in the hands of the

[1] Reported in 74 N. W. 203.

receiver, *held*, these amounts were received as payments, and are such though not indorsed on the note, and no such trust arises.

Action in the district court for Ramsey county by Merchants National Bank of St. Paul against the Allemania Bank of St. Paul and others, to have a trust declared in its favor on the funds in the hands of the receivers of the defendant bank. From a judgment entered in favor of the defendants pursuant to the findings and order of Bunn, J., plaintiff appealed. Affirmed.

*Davis, Kellogg & Severance*, for appellant.

The moneys received by the Allemania Bank constituted a trust fund to be applied by it in payment of the note of the Wood Harvester Company, and as the bank did not so apply it it still held the moneys as a trust fund for the holder of the note. Third v. Stillwater, 36 Minn. 75; Peak v. Ellicott, 30 Kan. 156; People v. City, 96 N. Y. 32; National v. Insurance, 104 U. S. 54; In re Hallett, 13 Ch. Div. 696; Libby v. Hopkins, 104 U. S. 303; Massey v. Fisher, 62 Fed. 958. It cannot be held that the receipt of moneys by the Allemania Bank constituted payment of the note, for if the note had been indorsed by the Allemania Bank to the plaintiff before maturity, the plaintiff could have recovered the full face value from the maker. The rule as to payment must be the same whether the note was transferred before or after maturity.

*T. R. Palmer* and *John D. O'Brien*, for respondent.

CANTY, J.[2]

The question raised on this appeal is whether the facts found by the trial court support the conclusion of law and judgment.

The court finds that on July 24, 1894, the Walter A. Wood Harvester Company borrowed of the Allemania Bank the sum of $5,000, and then and there executed its promissory note for that sum, payable to the order of the bank on demand. As collateral security for the payment of this note, the Harvester Company at the same time delivered to the bank a large number of farmers' notes, each for a small amount, but aggregating in all $6,276.13. These notes matured at various times thereafter, and all of them about to

[2] BUCK, J., absent.

mature were, from time to time, turned over to the Harvester Company by the bank

"For the purpose of collecting the same, and remitting the proceeds of such collections to the said bank, to be applied in payment of the said $5,000 note."

The Harvester Company always supposed that these payments were indorsed on this note, but none of them ever were. The bank mingled all of the moneys received on these payments with its other funds, but it kept a special account of these payments. It is further found that

"Said bank received said money for the express purpose of paying the said note, and carried the same in said special account for that purpose and no other."

On December 23, 1896, the Allemania Bank represented to the plaintiff bank that this note was wholly unpaid except two instalments of interest of $100 each, which were indorsed on the note. Thereupon the plaintiff, believing this statement to be true, and not knowing that the Allemania Bank had ever received or held any such collateral security, paid it the full amount of the face of the note, and the interest thereon which would have accrued up to that date, except said two instalments of interest so indorsed on the note, and in consideration thereof the Allemania Bank indorsed, transferred and delivered the note to plaintiff. Up to this time the proceeds of said collateral so received by the Allemania Bank amounted to $4,553.17, and besides it received said two instalments of interest. Thereafter the Allemania Bank and the Harvester Company were both found to be insolvent, and receivers were appointed for them by the court.

This action was brought by the plaintiff to have a trust declared in its favor on the funds in the hands of the receivers of the Allemania Bank, on the theory that the proceeds of the collaterals so collected by it constitute a trust fund for the benefit of plaintiff, and that plaintiff can follow this trust fund into the moneys and assets with which it was commingled, and which plaintiff claims it has sufficiently traced into the hands of these receivers. The court below found for defendants, and from the judgment entered pursuant thereto plaintiff appeals.

We cannot agree with appellant that the proceeds of these collaterals thus received by the Allemania Bank ever constituted any such trust fund. These proceeds were paid to and received by the bank, not to be held as a trust fund, but as payments on the note; and when it converted the funds thus received to its own use, as it had a right to do, it was simply applying them in payment. The mere fact that it did not indorse each payment on the note does not change its character, or make it any the less a payment. If the alleged trustee had a right to convert the fund to its own use, and did so, then surely it cannot be a trust fund.

The wrong done by the Allemania Bank was not in converting to its own use the moneys paid, but in selling this nearly-paid note to plaintiff. It committed a fraud in selling to plaintiff, as almost wholly unpaid, this demand note, which had become somewhat stale, and was nearly paid in full. But that fraud cannot destroy the effect of the payments already made, or change their character, and they will continue to be payments, whether the moneys so paid can be traced and followed into the funds in the hands of the receivers or not. Of course, if the proceeds of these collaterals were received by the Allemania Bank after it had transferred the note to plaintiff, it would then hold such proceeds in trust for plaintiff, would not have a right to convert them to its own use, and, if it did so, plaintiff could follow them into the hands of the receivers, if it could sufficiently trace them that far. But that is not this case. This disposes of the case.

Judgment affirmed.